**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

MADALYN JANE DEASON,

       Plaintiff,

v.

ELM TREE REALTY, LLC,
ELIZABETH L. MACKEY,

       Defendants.

_____/

## **COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, MADALYN JANE DEASON, brings this action against Defendants, ELM TREE REALTY, LLC and ELIZABETH L. MACKEY, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.      At all times material hereto, Plaintiff MADALYN JANE DEASON was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3.      At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA as part of her employment including through interstate communication by telephone with people in New York, Germany, Washington, and other places.

4.      At all times material hereto, Defendant, ELM TREE REALTY, LLC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of realty, at all times material hereto was the "employer" of Plaintiff as that term is defined under

statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5.      Defendant, ELIZABETH L. MACKEY, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and owner of Defendant, ELM TREE REALTY, LLC; said Defendant acted and acts directly in the interests of Defendant, ELM TREE REALTY, LLC, in relation to said co-Defendant's employees. Defendant effectively dominates ELM TREE REALTY, LLC administratively and otherwise acts, and has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, ELIZABETH L. MACKEY was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6.       Defendant ELIZABETH L. MACKEY controlled Plaintiff's pay.

7.      Defendant ELIZABETH L. MACKEY controlled Plaintiff's schedule.

8.      Defendant ELIZABETH L. MACKEY controlled Plaintiff's duties.

9.      Plaintiff worked for Defendants as Defendant ELIZABETH L. MACKEY's assistant.

10.     Defendants failed to pay Plaintiff her full and proper overtime wages for all hours worked over 40 each week.

11.     Defendants did not pay Plaintiff any compensation for multiple weeks of her employment.

12.     Defendants failed to pay Plaintiff the full and proper federal minimum wage hourly rate of $7.25 for all hours worked.

13.     Attached as Exhibit A is a preliminary calculation of Plaintiff's wage claims; these amounts may change as information is uncovered through the discovery process.

14.     Defendants have knowingly and willfully refused to pay Plaintiff her legally-entitled wages by not paying Plaintiff her full and proper overtime wages nor minimum wages nor for entire weeks of Plaintiff's employment.

15.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

16.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

17.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-16 above as if set forth herein in full.

18.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

19.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

        WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____

Elliot Kozolchyk, Esquire
Bar No.: 74791